IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VendoNet, Inc.<br><br>       Plaintiff,<br><br>v.<br><br>Redbox Automated Retail, LLC,<br><br>       Defendant. | Civil Action No.: 1:13-cv-3475<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

In this action for patent infringement, Plaintiff VendoNet, Inc. ("VendoNet") complains of Defendant Redbox Automated Retail LLC ("Redbox") as follows:

### JURISDICTION AND VENUE

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35, United States Code § 1 *et seq*. This Court has exclusive original jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b) because Redbox is subject to personal jurisdiction in this judicial district.

### PARTIES

3. VendoNet is a Georgia corporation and has its principal place of business at 102 West Montgomery Road, Tuskegee, Alabama, 36083.

4. Redbox is a Delaware limited liability company and has its principal place of business at One Tower Lane, Oakbrook Terrace, Illinois, 60181.

**PATENT INFRINGEMENT**

5. VendoNet owns the full and exclusive right, title, and interest in, and thus has standing to bring an action to recover damages for any past, present and future infringement of U.S. Patent No. Reissue 43,656, "Vending Machine and Computer Assembly." The '656 patent reissued on September 11, 2012. The '656 patent is Exhibit A to this Complaint.

6. Redbox rents and sells DVDs of motion pictures and video games through a network of more than 43,700 kiosks located in the United States and Canada. Redbox operates a website, http://www.redbox.com. As of April 29, 2013, the website says "The Redbox network extends nationwide with more than 34,600 locations. Redbox kiosks are located where customers already shop - leading grocery stores, mass merchant retailers, drugstores, restaurants and convenience stores nationwide." There are about fifty Redbox kiosks in Chicago that are in, or within four miles of zip code 60602. See http://www.redbox.com/locations.

7. Each Redbox kiosk is a dispensing machine, with a connection to a communication network.

8. Each Redbox kiosk has a store of motion pictures, video games or both.

9. Each Redbox kiosk has a video screen. A customer uses the screen to identify one or more motion pictures or video games stored in the kiosk.

10. Each Redbox kiosk has a credit card reader. A customer's credit card is swiped and charged for the rental.

11. After the customer's credit card is swiped, one or more motion pictures or games are dispensed from the kiosk.

12. Each Redbox kiosk has a virtual keyboard and a customer can enter an email address using the keyboard. A receipt is emailed to the customer at the entered email address.

13. Redbox retains the customer's information in a database. A customer receives the rental receipt by email, receives a confirmation via email when the rented motion picture or game is returned, and receives follow-up emails offering promotions, such as a free rental, in exchange for confirming one's email. The follow-up email states that the customer is a registered user of the redbox.com email list.

14. Customers can also rent or buy motion pictures by reserving them at a Redbox website, http://www.redbox.com/movies. The motion picture is then held for pickup at a Redbox kiosk specified by the customer. Video games can also be reserved for pickup.

15. Redbox displays advertising, for example, the "Redbox Top Ten Picks" and the Redbox logo on the video screen.

16. Redbox is aware of VendoNet's '656 patent because VendoNet marked its dispensing machine with the number of the '656 patent. VendoNet also sent a letter to the President of Redbox on September 14, 2012, and sent another letter on May 6, 2013 to the General Counsel of Redbox calling attention to the '656 patent.

17. Redbox induces infringement of (and, thus, infringes) at least claims 38, 39 and 44 of the '656 patent in violation of 35 U.S.C. § 271(b). Redbox has knowledge of the '656 patent because of the letters identified above. Redbox advertises its kiosks and services on at least the Redbox website. It provides instructions about use of the rental services and kiosks at https://redbox.custhelp.com. It maintains a blog at http://blog.redbox.com. Redbox's activities are aimed at and intended to encourage increasing numbers of customers to use Redbox's kiosks and services, and to encourage customers to take the actions resulting in performance of the steps recited in claims 38, 39 and 44 of the '656 patent.

18. Customers are using Redbox kiosks. A press release dated January 24, 2013 states that "Redbox has rented more than 2 billion discs and is available at approximately 42,400 kiosks across 34,600 locations nationwide, including leading grocery, drug and convenience stores, and select Walgreens, Walmart and McDonald's locations in some markets." The press release is Exhibit B to this Complaint. According to an 8-K report filed by Redbox's parent with the Securities and Exchange Commission on March 4, 2013, Redbox revenues for 2012 were $1,908,773,000. According to the 8-K, these revenues are derived primarily from rentals or sales of movies or video games.

19. Additional claims of the '656 patent may also apply to Redbox's infringement once initial discovery is conducted.

20. Redbox is aware that the '656 patent is presumed to be valid and resulted from an extensive reissue proceeding. Redbox is aware that its defense to infringement lacks merit. Redbox knew, or should have known, that there was an objectively high likelihood that its actions constituted infringement of a valid patent. Its infringement is willful.

21. Redbox's infringement of the '656 patent has injured VendoNet, and VendoNet is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**DEMAND FOR RELIEF**

VendoNet respectfully requests that this Court grant it relief as follows:

A. The entry of final judgment in favor of VendoNet;

B. An award to VendoNet of damages adequate to compensate VendoNet for Redbox's infringement of the '656 patent, the damages to be no less than a reasonable royalty,

together with prejudgment interest from the date infringement of the '656 patent began, including increased damages if the infringement is determined to be willful;

      C.      An injunction barring Redbox, its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees and all persons in active concert or participation with any of them from infringing the '656 patent;

      D.      A determination that this case is exceptional pursuant to 35 U.S.C. § 285 and an award to VendoNet of the costs of this action and its reasonable attorneys' fees; and

      E.      Such other relief as VendoNet is entitled to recover under any applicable law and as this Court or a jury may determine to be proper and just.

## JURY DEMAND

VendoNet hereby demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

*/s/ Joseph N. Hosteny*
Raymond P. Niro
Joseph N. Hosteny
Arthur A. Gasey
NIRO, HALLER & NIRO
181 W. Madison St., St. 4600
Chicago, IL 60602
Phone: (312) 236-0733
Fax: (312) 236-3137

***Attorneys for Plaintiff,
VendoNet, Inc.***